UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TINA MARIE OLVERA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:17-cv-00223 |
| PRESTIGE FINANCIAL SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TINA MARIE OLVERA ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PRESTIGE FINANCIAL SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 44 year-old natural person residing at 3418 Converse Court, Jeffersonville, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant provides consumer financing solutions for franchised automobile dealerships in the United States. Defendant is registered at 1108 East South Union Avenue, Midvale, Utah, and it regularly collects upon consumers located in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Approximately two years ago, Plaintiff purchased a 2013 Hyundai Elantra ("automobile") and financed the automobile through Defendant.

10. Plaintiff typically made regular payments on the automobile, but would fall behind certain months due to financial hardship.

11. In early 2017, Plaintiff began receiving calls to her cellular phone, (502) XXX-2846, from Defendant seeking to collect upon an overdue balance owed on the automobile.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2846. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. As soon as Plaintiff would miss a scheduled payment, Defendant would immediately contact her on her cellular phone seeking to collect payment.

14. On certain occasions, Plaintiff would receive phone calls from Defendant even before payment was due.

15. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting approximately five seconds in length, before she is connected with a live representative.

16. Due to the persistent nature of Defendant's phone calls, in the summer of 2017, Plaintiff demanded that Defendant stop contacting her.

17. Plaintiff has also reiterated her requests that Defendant cease calling her during subsequent conversations.

18. Despite Plaintiff's demands, Defendant has continued to call Plaintiff's cellular phone up until the date of the filing of this action.

19. Not only did Defendant continue placing calls to Plaintiff's cellular phone, but it also sent Plaintiff numerous e-mails and text messages in an attempt to collect payment.

20. Upon receiving text messages from Defendant, Plaintiff has even replied back, requesting that Defendant stop sending her text messages.

21. Defendant has also called Plaintiff's cellular phone multiple times during the same day.

22. For instance, on or about October 24, 2017, Plaintiff received not less than 4 phone calls from Defendant.

23. Defendant has used a variety of phone numbers when calling Plaintiff's cellular phone, including but not limited to: (801) 752-0639, (801) 844-2380 and (801) 893-9428.

24. Upon information and belief, the aforementioned phone numbers are all regularly utilized by Defendant during its debt collection activity.

25. In defiance of Plaintiff's several demands, Defendant has placed at least 39 calls to Plaintiff's cellular phone without her permission.

26. Feeling as though nothing further could be done to put an end to Defendant's phone calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately five seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts, including multiple phone calls during the same day, points to the involvement of an ATDS.

32. Defendant violated the TCPA by placing at least 39 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's numerous demands that it cease contacting her.

33. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was notified on a number of occasions that Plaintiff did not wish to be contacted, orally and via text message. Despite having knowledge that Plaintiff did not wish to receive any further calls, Defendant willfully violated the law in an attempt to harass Plaintiff into submission.

WHEREFORE, Plaintiff, TINA MARIE OLVERA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

37. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

38. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

39. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

40. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

41. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent contact attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Plaintiff made a number of attempts to halt Defendant's conduct, which would revoke any hypothetical consent that Plaintiff may have given. However, Defendant consciously continued its abusive attempts to contact Plaintiff in order to extract payment.

42. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff made her demands known that she did not wish to receive any further phone calls, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

43. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

44. In violating the TCPA, Defendant further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list. A claim may be based only on an enumerated act, and not a representation at all." *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

45. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

46. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

47. Although unsuccessful, Plaintiff made attempts to correct Defendant's deceptive acts by demanding that it cease contacting her. These attempts included orally notifying Defendant's representatives to stop contacting her, as well as replying to Defendant's text messages with the same demands. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had ample knowledge that its calls were unwanted, yet, Defendant continued to call, text message, and e-mail Plaintiff in an attempt to collect payment. This illustrates Defendant's artifice with intent to mislead Plaintiff. There would be little reason for

Defendant to contact Plaintiff after becoming privy to her demands, unless Defendant was attempting to mislead Plaintiff into collecting payment from Plaintiff. This illustrates that Defendant's conduct was incurable, which coerced Plaintiff into filing the instant action.

48. Upon information, Defendant conducts the above described behavior on a wide and frequent basis. This behavior is extremely unfair and abusive, and goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

49. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 25 through 28, Plaintiff has suffered damages as a result of Defendant's unlawful practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, TINA MARIE OLVERA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 30, 2017                                   Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Southern District of Indiana               Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   thatz@sulaimanlaw.com